**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:    ltfisher@bursor.com
           jsmith@bursor.com
           apersinger@bursor.com
           ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BOWDEN, on Behalf of Himself and all Others Similarly Situated,<br><br>                              Plaintiff,<br>         v.<br><br>CONTRACT CALLERS, INC.,<br><br>                              Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

1    Plaintiff Keith Bowden ("Plaintiff"), individually and on behalf of all others similarly

2  situated, alleges the following on information and belief, except that Plaintiff's allegations as to his

3  own actions are based on personal knowledge.

4                                    **NATURE OF THE ACTION**

5    1.    In June 2016, Defendant Contract Callers, Inc. ("Defendant") and/or its agents

6  called Mr. Bowden at least 8 times on his cellular telephone using an autodialer and/or an artificial

7  or prerecorded voice in an attempt to collect a consumer debt that Mr. Bowden did not owe.

8  Plaintiff did not give Defendant prior express consent to make these calls. Prior to the calls at issue

9  in this complaint, Plaintiff had no contact or relationship with Defendant.  Defendant's calls

10  continued despite several requests by Plaintiff to stop calling him.

11    2.    The following chart details Defendant's calls to Mr. Bowden:

| **Date** | **Time** | **Number Calling** |
|---|---|---|
| 6/2/16 | 2:25 PM | (844) 829-2742 |
| 6/3/16 | 12:30 PM | (844) 829-2742 |
| 6/6/16 | 9:00 AM | (844) 829-2742 |
| 6/6/16 | 9:09 AM | (844) 829-2742 |
| 6/20/16 | 2:16 PM | (844) 829-2742 |
| 6/23/16 | 1:17 PM | (844) 829-2742 |
| 6/23/16 | 2:16 PM | (844) 829-2742 |
| 6/23/16 | 2:18 PM | (844) 829-2742 |

21    3.    Plaintiff brings this action for injunctive relief and statutory damages arising out of

22  and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting

23  Plaintiff and class members on their cellular telephones using an automatic telephone dialing

24  system or an artificial or prerecorded voice without their prior express written consent, within the

25  meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

26    4.    Plaintiff also brings this action for Defendant's violations of the Fair Debt

27  Collection Practices Act, 15 U.S.C. 1692, *et seq.* (hereinafter "FDCPA") and California's

Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 *et seq.* (hereinafter, the "Rosenthal Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts.  Plaintiff alleges that Defendant engaged in a campaign of harassment in an attempt to coerce payment of a consumer debt that he did not owe.

## PARTIES

5.      Plaintiff Mr. Bowden is a resident of Oakland, California and a citizen of the State of California.

6.      Defendant Contract Callers, Inc. is a Georgia corporation with its principal place of business in Augusta, Georgia.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

8.      This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of federal statutes, the TCPA and the FDCPA.  This Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District, Plaintiff resides within this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

A.      **The Telephone Consumer Protection Act Of 1991**

10.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11.     Among other things, the TCPA prohibits making any call using any automatic telephone dialing system or an artificial or prerecorded voice without the prior express consent of the called party.

12.     According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

13.     The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     California's Rosenthal Fair Debt Collection Practices Act**

14.     California's Rosenthal Fair Debt Collection Practices Act was enacted to eliminate abusive practices in the collection of consumer debt and to promote fair debt collection.

15.     Among other things, the RFDCPA prohibits debt collectors from "[c]ommunicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."  Violations of Cal. Civ. Code § 1788 include "[c]ausing a telephone to ring repeatedly or continuously to annoy the person called,"  failing to cease communication upon request, threatening arrest or legal action, using abusive or profane language, misrepresenting the debt, and using deceit to collect debt.

**C.     The Federal Fair Debt Collection Practices Act**

16.     The Federal Fair Debt Collection Practices Act was enacted to eliminate abusive practices in the collection of consumer debt and to promote fair debt collection.

17.     Among other things, the FDCPA prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of debt."   Violations of 15 U.S.C. §1692 include "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy,

abuse, or harass any person at the called number," calling before 8:00 a.m. or after 9:00 p.m., failing to cease communication upon request, threatening arrest or legal action, using abusive or profane language, misrepresenting the debt, and using deceit to collect debt.

**D.      Defendant's Calls to Plaintiff and Class Members**

18.      In June 2016, Defendant and/or its agent called Mr. Bowden on his cellular telephone at least 8 times using an autodialer and/or an artificial or prerecorded voice.  Mr. Bowden did not give Defendant prior express written consent to make these calls.  Mr. Bowden requested that Defendant and/or its agent stop calling on multiple occasions, but the calls continued despite these requests.

19.      Defendants made these calls through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.  When Mr. Bowden answered calls from Defendant and/or its agent, there was a pause before a live person began speaking or a recorded message began playing, indicating the use of an automatic telephone dialing system.  Mr. Bowden also heard call center noise in the background of calls from Defendant.

20.      Defendant's calls to Mr. Bowden were made with such frequency as to constitute harassment.  Mr. Bowden also was harmed by Defendant's acts in the form of multiple involuntary telephone and electrical charges; the aggravation, nuisance, waste of time and invasion of privacy that necessarily accompanies the receipt of unwanted telephone calls; and violations of his statutory rights.

21.      Defendant's calls to Mr. Bowden were in an effort to collect a debt he does not owe.

22.      Prior to the calls at issue in this action, Mr. Bowden never had any contact with Defendant.  He has never consented in writing, or otherwise, to receive autodialed telephone calls from Defendant.  He has never provided Defendant with his telephone number.

**E.      Complaints Regarding Defendant's Unsolicited Calls**

23.      Online consumer complaints regarding Defendant's unsolicited robocalls and autodialed calls are abundant:

- "Calls several times a day but leaves no message. Very annoying will not answer."[1]

- "Received a call from 844-829-2742.  They claimed that I owed them $8,500.00.  Completely false statement.  I told them that they had the wrong person and they were calling the wrong number.  They have refused to STOP calling -  so I reported the company to the State Attorney General's Office.  Now I simply hang up when they call."[2]

- "I've received several calls from this number - as I don't recognize it, I've never answered. They talk to my voicemail as though someone has answered, asking for me by my maiden name. As I have no outstanding debts, this is no doubt a scam. I've blocked the number on my cell but they keep getting through. Anyone have any thoughts about how to get rid of them? (I intend to file with the AGs office, as suggested, but am open to any other actions as well)."[3]

- "Receive numerous calls from this number; no message is ever left; I am on the DNC list and have no idea who they are, so they should not be calling me! LEARN THE LAW, PEOPLE!"[4]

## CLASS ACTION ALLEGATIONS

24.    Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

25.    Plaintiff proposes the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

26.    Collectively, all these persons will be referred to as the "Robocall Class."  Plaintiff represents, and is a member of, this proposed class.  Excluded from the Robocall Class is the Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

---

[1] http://800notes.com/Phone.aspx/1-844-829-2742
[2] *Id.*
[3] *Id.*
[4] Everycaller.com/phone-number/1-706-405-7901.

1       27.    Plaintiff also proposes the following Autodialer Class definition, subject to

2   amendment as appropriate:

3               All persons within the United States who (a) received a non-emergency telephone

            call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendant;

4               (d) for whom Defendant had no record of prior express written consent; (e) and

5               such phone call was made with the use of an automatic telephone dialing system

            as defined under the TCPA; (f) at any time in the period that begins four years

6               before the filing of the complaint in this action to the date class notice is

7               disseminated.

    28.    Collectively, all these persons will be referred to as the "Autodialer Class."  Plaintiff

8   represents, and is a member of, this proposed class.  Excluded from the Autodialer Class is the

9   Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and

10  employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of

11  such Judges' staffs and immediate families.

12      29.    Plaintiff further proposes the following Internal Do-Not-Call List ("IDNCL") Class

13  definition, subject to amendment as appropriate:

14              All persons within the United States who (a) after notifying Defendant that they

            no longer wished to receive calls from or on behalf of the Defendant; (b) received

15              one or more calls from or on behalf of Defendant; (c) using either an artificial or

16              prerecorded voice or an automatic telephone dialing system as defined under the

            TCPA; (d) at any time in the period that begins four years before the filing of the

17              complaint in this action to the date class notice is disseminated.

18      30.    Collectively, all these persons will be referred to as the "IDNCL Class."  Plaintiff

19  represents, and is a member of, this proposed class.  Excluded from the IDNCL Class is the

20  Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and

21  employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of

22  such Judges' staffs and immediate families.

23      31.    Plaintiff also proposes the following Rosenthal Act Class definition, subject to

24  amendment as appropriate:

25              All California residents who received two or more debt collection phone calls

26              from Defendant during the course of a twenty four hour period at any time in the

            period that begins one year before the date of filing this Complaint to the date

27              that class notice is disseminated.

28

32.     Collectively, all these persons will be referred to as the "Rosenthal Act Class." Plaintiff represents, and is a member of, this proposed class.  Excluded from the Rosenthal Act Class are Defendants and any entities in which Defendant has a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

33.     Plaintiffs further propose the following FDCPA Class definition, subject to amendment as appropriate:

> All persons within the United States who received two or more debt collection phone calls from Defendant during the course of a twenty four hour period at any time in the period that begins one year before the date of filing this Complaint to the date that class notice is disseminated.

34.     Collectively, all these persons will be referred to as the "FDCPA Class."  Plaintiffs represent, and are members of, this proposed class.  Excluded from the FDCPA Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

35.     Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

36.     Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

37.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The proposed classes can be identified easily through records maintained by Defendant.

38.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which

may affect individual members of the proposed classes.  Those common question of law and fact include, but are not limited to, the following:

    a.  Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    b.  Whether Defendant's conduct was knowing and/or willful;

    c.  Whether Defendant made harassing, oppressive, or abusive telephone calls;

    d.  Whether Defendant is liable for damages, and the amount of such damages, and

    e.  Whether Defendant should be enjoined from engaging in such conduct in the future.

39.    As a person who received numerous calls on his telephone through the use of an artificial or prerecorded voice, without his prior express written consent, Plaintiff asserts claims that are typical of each member of the classes.  Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

40.    Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

41.    A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA, FDCPA and Rosenthal Act.  The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for the violations alleged herein are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

42.    Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges

that the statutory violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

43.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

44.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

45.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

46.     Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

47.     Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

### SECOND COUNT
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

48.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

49.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

50.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

51.     Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

52.     Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

**THIRD COUNT**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. 1692, *et seq*.**

53.     Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

54.     Defendant's course of conduct as more fully described above constitutes numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*., including but not limited to 15 U.S.C. § 1692d and e.

55.     As a result of Defendant's actions, Plaintiffs and the FDCPA Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. § 1692k, *et seq*.

**FOURTH COUNT**
**VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION**
**PRACTICES ACT, Cal. Civ.Code 1788, *et seq*.**

56.     Plaintiff incorporates by reference the foregoing paragraphs of his Complaint as if fully stated herein.

57.     The foregoing acts and omissions by Defendant in its illegal attempt to collect a consumer debt constitute numerous unfair, deceptive, and/or unconscionable trade practices, made unlawful pursuant to the California Rosenthal Fair Debt Collections Practices Act, including but not limited to Cal. Civ. Code § 1788.11(d) and (e).

58.     Defendant also violated Cal. Civ. Code § 1788.17, which requires Defendant to comply with all of the provisions of the FDCPA 15 U.S.C. §§ 1692, *et seq*. in all of its collection efforts.

59.     Therefore, Plaintiff and the Rosenthal Act Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

    a.  Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    b.  As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c.  As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

    d.  An award of damages as permitted by the Rosenthal Act;

    e.  An award of damages as permitted by the FDCPA;

    f.  An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

    g.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

    h.  Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  October 25, 2016       Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Joel D. Smith*

Joel D. Smith

CLASS ACTION COMPLAINT    11

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
       jsmith@bursor.com
       apersinger@bursor.com
       ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*