1  **BURSOR & FISHER, P.A.**
   L. Timothy Fisher (State Bar No. 191626)
2  Joel D. Smith (State Bar No. 244902)
   Yeremey O. Krivoshey (State Bar No. 295032)
3  1990 North California Blvd., Suite 940
   Walnut Creek, CA 94596
4  Telephone: (925) 300-4455
   Facsimile: (925) 407-2700
5  E-Mail:  ltfisher@bursor.com
            jsmith@bursor.com
6           ykrivoshey@bursor.com
7
   *Attorneys for Plaintiff*
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12 | KEITH BOWDEN, on Behalf of Himself and all | Case No.  3:16-cv-06171-MMC
13 | Others Similarly Situated,                |
   |                                           | **PLAINTIFF'S OPPOSITION TO**
14 |                           Plaintiff,      | **DEFENDANT'S MOTION TO STAY**
   |        v.                                 |
15 |                                           | Date:    March 10, 2017
   | CONTRACT CALLERS, INC.,                   | Time:    9:00 a.m.
16 |                                           | Courtroom No. 7, 19th floor
   |                           Defendant.      |
17 |                                           | Judge: Hon. Maxine M. Chesney

18

...

28 OPPOSITION TO MOTION TO STAY
   CASE NO: 3:16-CV-06171-MMC

**TABLE OF CONTENTS**

**PAGE(S)**

I. INTRODUCTION AND PROCEDURAL BACKGROUND ................................................. 1

II. ARGUMENT ................................................................................................................. 2

    A. Contract Callers Cannot Meet Its Burden To Support A Stay ................................. 2

        1. Contract Callers Cannot Make A "Clear Case" That It Will Suffer Hardship Or Inequity Absent A Stay ....................................................... 3

        2. Contract Callers Fails To Meet Its Burden Of Showing that A Stay Will Promote Judicial Efficiency Or Simplify Issues ........................... 5

        3. Under The Ninth Circuit's Decisions In *Dependable Highway* And *Blue Cross*, Mr. Bowden Should Not Be Subjected To An Indefinite Stay Of His Action ............................................................... 7

    B. Defendant's Additional Arguments For Staying Plaintiff's FDCPA And Rosenthal Act Claims Lack Merit And Are Procedurally Improper ................................................................................................................. 9

    C. Whether The Court Grants Or Denies The Motion To Stay, Written Discovery Should Promptly Go Forward ................................................................ 10

III. CONCLUSION ............................................................................................................ 11

OPPOSITION TO MOTION TO STAY                                                 i
CASE NO: 3:16-CV-06171-MMC

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Alvarez v. T-Mobile USA, Inc.*,
  2010 WL 5092971 (E.D. Cal. Dec. 7, 2010) ............................................................................ 7

*Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*,
  490 F.3d 718 (9th Cir. 2007) .............................................................................................. 2, 8

*Cabiness v. Educ. Fin. Sols., LLC*,
  2017 WL 167678 (N.D. Cal. Jan. 17, 2017) ............................................................... 1, 3, 5, 8

*Chacon v. E. Haven Police Dept.*,
  2011 WL 3889249 (D. Conn. Sept. 2, 2011) ........................................................................ 10

*Cheverez v. Plains All Am. Pipeline, LP*,
  2016 WL 4942328 (C.D. Cal. Feb. 25, 2016) ........................................................................ 3

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
  498 F.3d 1059 (9th Cir. 2007) ............................................................................................ 3, 7

*Edwards v. Oportun, Inc.*,
  2016 WL 4203853 (N.D. Cal. June 15, 2016) ..................................................................... 1, 3

*Fontes v. Time Warner Cable Inc.*,
  2015 WL 9272790 (C.D. Cal Dec. 17, 2015) ......................................................................... 7

*Kaltwasser v. Cingular Wireless LLC*,
  2010 WL 2557379 (N.D. Cal. June 21, 2010) ........................................................................ 7

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ............................................................................................................ 1, 3

*Lathrop v. Uber Techs., Inc.*,
  2016 WL 97511 (N.D. Cal. Jan. 8, 2016) ....................................................................... passim

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ................................................................................................ 3

*Mackiewicz v. Nationstar Mortg., LLC*,
  2015 WL 11983233 (M.D. Fla. Nov. 10, 2015) ..................................................................... 7

*Martinelli v. Johnson & Johnson*,
  2016 WL 521690 (E.D. Cal. Feb. 10, 2016) .......................................................................... 6

*Morgenstein v. AT&T Mobility LLC*,
  2009 WL 3021177 (N.D. Cal. Sept. 17, 2009) ....................................................................... 5

*O'Hanlon v. 24 Hour Fitness USA, Inc.*,
  2016 WL 815357 (N.D. Cal. March 2, 2016) ................................................................ 1, 6, 8

*O'Shea v. Am. Solar Solution, Inc.*,
   2016 WL 701215 (S.D. Cal. Feb. 18, 2016) .............................................................................. 5

*Partner Weekly, LLC v. Viable Mktg. Corp.*,
   2014 WL 1577486 (D. Nev. Apr. 17, 2014) ............................................................................. 4

*Small v. GE Capital, Inc.*,
   2016 WL 4502460 (C.D. Cal. June 9, 2016) ............................................................................ 7

*Smith v. Merk & Co., Inc.*,
   2012 WL 2312666 (S.D. Fla. Jan. 25, 2012) .......................................................................... 10

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ............................................................................................................ 7

*Sullivan v. Personalized Media Comms., LLC*,
   2016 WL 5109994 (N.D. Cal. Sept. 21, 2016) ........................................................................ 4

*Tovar v. U.S. Postal Serv.*,
   3 F.3d 1271 (9th Cir. 1993) ..................................................................................................... 4

**STATUTES**

15 U.S.C. § 1692 ............................................................................................................................ 1

47 U.S.C. §  227 ............................................................................................................................. 1

**RULES**

Fed. R. Civ. Proc. 1 ....................................................................................................................... 8

I.      INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff Keith Bowden commenced this action last year, in October 2016, after Defendant Contract Callers hounded Mr. Bowden to pay a debt he did not owe, and knew nothing about.[1] Contract Callers' time to respond to the Complaint was extended to December 8, 2016 (Doc. No. 11), giving it ample time to move to stay this case, but it did not do that.  Instead, Contract Callers answered the Complaint and served Plaintiff with numerous discovery requests, including discovery related to class certification.[2]

Now, four months into this case, Contract Callers complains that class discovery is too burdensome and moves to stay this case pending resolution of *ACA Int'l. v. FCC*, D.C. Cir. Case No. 15-1211 ("*ACA*").  As far as Mr. Bowden is aware, every court in this District has denied motions to stay pending *ACA*, though Contract Callers overlooks that fact in its motion.  *Cabiness v. Educ. Fin. Sols., LLC,* 2017 WL 167678, at *4 (N.D. Cal. Jan. 17, 2017); *Edwards v. Oportun, Inc.*, 2016 WL 4203853, at *5 (N.D. Cal. June 15, 2016); *Lathrop v. Uber Techs., Inc.*, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016); *O'Hanlon v. 24 Hour Fitness USA, Inc.*, 2016 WL 815357, at *6 (N.D. Cal. March 2, 2016).  Even putting that fact aside, however, the Court can and should deny Contract Callers' motion for three separate and independent reasons:

<u>First</u>, under *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936), in order to support a stay, Contract Callers "must make out a clear case of hardship or inequity in being required to go forward."  Ordinary discovery burdens do not suffice.  Contract Callers cannot make a credible case of "hardship or inequity" because its discovery obligations will remain the same regardless of the outcome of *ACA*, and it produced no evidence that class discovery will be burdensome.  To the

---

[1] Plaintiff's asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 *et seq.* (hereinafter, the "Rosenthal Act").

[2] *See* Defendant's First Set of Interrogatories and Document Requests [Exs. 1-2 to Declaration of Joel D. Smith in Support of Opposition to Motion to Stay ("Smith Decl.")] (seeking information about the ascertainability of the class, class members' identities, typicality, numerosity, etc.).

contrary, Contract Callers' own arguments and documents suggest that class discovery can largely be accomplished by running reports from its LiveVox dialing system.

Second, in the Ninth Circuit, "lengthy and indefinite stays" are improper because they "place a plaintiff effectively out of court." *Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007). Here, Contract Callers suggests that the stay will be short because oral argument already occurred in *ACA*, but that is not the whole story. As the court noted when denying a similar motion to stay in *Lathrop*, 2016 WL 97511, at *4, it is "almost certain" that the decision in *ACA* will result in an appeal to the Supreme Court, resulting in an even longer delay. What is more, Contract Callers argues for extending this case even further pending a decision in *Marks v. Crunch San Diego, LLC*, 9th Cir. Case No. 14-56834, and there is no telling how long a decision in that case will take.

Third, there is no reason to stay claims under the FCDPA and Rosenthal Act because *ACA* is only pertinent, if at all, to Mr. Bowden's TCPA claim. As to this issue, Contract Callers argues that the "Plaintiff's FDCPA/Rosenthal Act class claims can be resolved without discovery" because, in Contract Callers' view, the classes cannot be certified as defined. That argument is a non-starter because Mr. Bowden can always pursue discovery on an individual basis. Moreover, Contract Callers blew its deadline to file a motion to dismiss or strike, and a motion to stay is not the proper procedure for challenging the adequacy of the pleadings. In any event, class definitions are routinely revised to account for information obtained in discovery. Thus, even if Contract Callers' argument is correct (it is not), the argument supports permitting discovery to go forward so that Mr. Bowden can revise the class definitions as appropriate.

## II.   ARGUMENT

### A.   Contract Callers Cannot Meet Its Burden To Support A Stay

"The burden is on the movant to show that a stay is appropriate." *Lathrop*, 2016 WL 97511, at *3. "In deciding whether to stay proceedings pending resolution of an appeal in another action, a district court must weigh various competing interests, including [1] the possible damage which may result from granting a stay, [2] the hardship a party may suffer if the case is allowed to go forward,

and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Cabiness*, 2017 WL 167678 (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). "If there is 'even a fair possibility' of harm to the opposing party, the moving party 'must make out a clear case of hardship or inequity in being required to go forward.'" *Edwards*, 2016 WL 4203853, at *5 (quoting *Landis*, 299 U.S. at 255). Review of an order granting a motion to stay is "somewhat less deferential than the abuse of discretion standard used in other contexts." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("*Dependable Highway*"). As set forth below, Contract Callers cannot meet its burden of demonstrating that a stay is warranted.

### 1. Contract Callers Cannot Make A "Clear Case" That It Will Suffer Hardship Or Inequity Absent A Stay

As a preliminary matter, Contract Callers has no credible argument for hardship or inequity given its delay in moving to stay. Contract Callers' only argument for hardship is tucked away near the end of its brief, where it argues that it should not have to bear the burden of class discovery (despite having served its own class-related discovery). *See* Motion to Stay, at 6:19; Ex. 1-2 to Smith Declaration. That argument, however, is a far cry from the "clear case" of hardship required to support a stay.

First, under the Ninth Circuit's controlling decision in *Lockyer*, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer*, 398 F.3d at 1112. Hence, many courts have held that the purported burdens of class discovery do not support a stay. *See*, *e.g.*, *Lathrop*, 2016 WL 97511, at *4 ("Although Uber may suffer hardship, in the form of additional discovery, the Court concludes that this potential hardship does not merit a stay in this case."); *Cheverez v. Plains All Am. Pipeline, LP*, 2016 WL 4942328, at *4 (C.D. Cal. Feb. 25, 2016) (rejecting defendant's argument that it would "be forced to spend significant time and money on discovery and class certification issues" that it might otherwise avoid as a result of a stay).

Second, even if the burden of class discovery could support a stay under some circumstances, Contract Callers' argument still fails because it presents no evidence of the burden here. "It has long been clear that a party claiming that discovery imposes an undue burden must

allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence."³ *Sullivan v. Personalized Media Comms., LLC*, 2016 WL 5109994, at *3 (N.D. Cal. Sept. 21, 2016); *see also Partner Weekly, LLC v. Viable Mktg. Corp.*, 2014 WL 1577486 at *2 (D. Nev. Apr. 17, 2014) (" the party opposing discovery must allege . . . sufficient detail regarding the time, money and procedures required to comply with the purportedly improper request").

Contract Callers' own authority illustrates this rule. Specifically, Contract Callers leans heavily on an unpublished order in *Reyes v. Educational Mgmt. Corp.*, Case No. 3:15-cv-00628-BAS-JMA (S.D. Cal. Dec. 10, 2015), and states that the court "stay[ed] TCPA discovery 'given the heavy burden and expense of class discovery . . . .'" Motion to Stay, at 3:19-21; *see id.* at 6:20 (citing *Reyes*). Unlike here, however, the defendant in *Reyes* provided a seven-page declaration detailing exactly what was burdensome about class discovery in that case – the number of calls at issue, the technical issues involved with that discovery based on defendant's system, defendant's need to get data from third parties, the potential conflicts with federal regulations, and an inability to distinguish between landline and cell phone numbers.⁴ (Declaration of Jennifer Skerbinc filed in *Reyes v. Educational Mgmt. Corp.* ("Skerbinc Decl."), at ¶¶ 5-18 [Ex. 3 to Smith Decl.].) In contrast to *Reyes*, Contract Callers relies solely on arguments of counsel, and offers no evidence that class discovery will be burdensome here.

Third, evidence and arguments from Contract Callers suggests that any burden from class discovery here would be nominal. According to Contract Callers, the purportedly "burdensome class action discovery," will "primarily [entail] the production of a dial list for the class and evidence of prior express consent." Motion to Stay, at 3:18-19. In connection with its initial disclosures, Contract Callers produced a call log for calls it made to Mr. Bowden. (Call Log [Ex. 4 to Smith Decl.].) Contract Callers also produced an affidavit from its Vice President of Call Center

---

³ Defendant may argue on reply that *Sullivan* and *Partner Weekly* are distinguishable because they involved discovery motions, but that is a distinction without a difference. There, as here, the parties relied on claims of burden to avoid their discovery obligations.

⁴ Contract Callers cannot cure this discrepancy with *Reyes* by filing a belated declaration on reply. *See, e.g., Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) ("To the extent that the [reply] brief presents new information, it is improper").

OPPOSITION TO MOTION TO STAY                                                                                                 4
CASE NO: 3:16-CV-06171-MMC

1  Operations stating that the call log was generated by Contract Callers' LiveVox dialing system.
2  (Declaration of Doffie Howard, at ¶ 6 [Ex. 5 to Smith Decl.].)  Contract Callers offers no reason to
3  believe that producing call logs for class members here would require anything more than running a
4  report from its LiveVox dialing system.[5]  Likewise, Contract Callers' position is that all class
5  members consented to receive its calls, but Contract Callers offers no explanation why proof of that
6  consent is not readily available, as would be expected from a company that takes its TCPA
7  compliance obligations seriously.

        **2.     Contract Callers Fails To Meet Its Burden Of Showing That A Stay Will Promote Judicial Efficiency Or Simplify Issues**

10  Contract Callers argues that the outcome in *ACA* might "narrow" the factual and legal issues
11  if the D.C. Circuit rules against the FCC on its criteria for determining whether a dialing system
12  qualifies as an "automatic telephone dialing system" under the TCPA.  Motion to Stay, 4:25-5:20.
13  That argument fails to support a stay for four separate reasons:
14  <u>First</u>, the court in *Cabiness* rejected the same argument that Contract Callers makes here
15  when it concluded that whatever the outcome in *ACA*, there is no reason to believe that it "might
16  narrow the scope of discovery that would otherwise be necessary in this case." *Cabiness*, 2017 WL
17  167678, at *4; *accord Lathrop*, 2016 WL 97511, at *4 ("Even if the D.C. Circuit were to modify or
18  vacate the FCC order, factual disputes, such as whether an ATDS was used … will remain here).
19  That reasoning applies equally here because regardless of how, if at all, the D.C. Circuit rules on
20  the legal definition of "automatic telephone dialing system," Mr. Bowden will require discovery on
21  the functionalities of Contract Callers' system to determine whether it meets the definition of an
22  "automatic telephone dialing system."
23  <u>Second</u>, "[a] stay pending the resolution of an appeal in another case should be denied where it
24  is speculative what effect, if any, the decision on appeal in the other case will have." *Morgenstein v.*
25  *AT&T Mobility LLC*, 2009 WL 3021177, at *2 (N.D. Cal. Sept. 17, 2009).  In that situation, a party
26  cannot establish the existence of a "clear case of hardship" absent a stay, or that the stay will promote

---

[5] Moreover, numerous courts have rejected arguments that producing call logs is burdensome.  *E.g.*, *O'Shea v. Am. Solar Solution, Inc.*, 2016 WL 701215, at *3 (S.D. Cal. Feb. 18, 2016)

OPPOSITION TO MOTION TO STAY                                                                                                                                                      5
CASE NO: 3:16-CV-06171-MMC

the orderly course of justice. *See Martinelli v. Johnson & Johnson*, 2016 WL 521690, at *2 (E.D. Cal. Feb. 10, 2016) (denying motion to stay pending three matters before the Ninth Circuit). These legal principles apply here because it is speculative whether the decision in *ACA* will have any impact here. As the district court explained in *O'Hanlon*, "[e]ven assuming that the decision from the D.C. Circuit will be favorable to Defendant[], it is, of course, not binding on this Court. In addition, this is not the first instance in which a federal appellate court occasioned to interpret the term[] . . . 'ATDS,' as understood in the TCPA." 2016 WL 815357 at *5 (citing opinions from the 9th, 3rd, 7th, and 11th Circuits). "In light of the persuasive authority on this issue from other circuit courts, and because a decision from the D.C. Circuit would not be controlling in this case, defendant would not be prejudiced if the case moves forward in spite of the FCC appeals." *Id*.

   Third, Contract Callers' arguments about the potential impact of *ACA* are inconsistent. On the one hand, Contract Callers suggests that the outcome in *ACA* might "narrow" factual and legal issues such that it can avoid liability on Mr. Bowden's TCPA claims. *See* Mtn. to Stay, at 4:25-5:18. On the other hand, Contract Callers represents that it "intends to file a motion for summary judgment on the ATDS issue if this stay is not granted." *Id.* at 5:19-20. But if Contract Callers sincerely believes that it already has a legal and factual basis to seek summary judgment in its favor on the TCPA claims, then its motion to stay can serve no purpose other than delay.

   Fourth, Contract Callers' discovery obligations will largely be the same, with or without the stay. *ACA* has no bearing on the FDCPA and the Rosenthal Act claims, and discovery concerning those claims overlaps with Plaintiff's TCPA claim. For instance, LiveVox records showing repeated calls to wrong numbers would be relevant to both the TCPA (for lack of consent and willful or knowing violations) and the debt collection claims (for harassment). Contract Callers' policies about the frequency of calls and responding to do-not-call requests would likewise be relevant to both willful and knowing violations of the TCPA, and harassment under the debt collection claims.[6]

---

[6] Further, as shown in Section B below, Contract Callers' arguments concerning a stay of the FDCPA and Rosenthal Act claims are procedurally improper and lack legal support.

1    Moreover, the fact that Mr. Bowden asserts FDCPA and the Rosenthal Act claims
2    distinguishes this case from the cases cited by Contract Callers, where either *ACA* or a pending
3    Supreme Court decision was potentially dispositive of the entire case.  In *Kristensen v. Credit One*
4    *Bank*, N.A., C.D. Cal. Case No. 2:14-cv-07963, prior to ordering a stay, the district court had
5    already dismissed a claim under California Penal Code §§ 632 and 632.7, leaving only a claim
6    under the TCPA.  In granting the stay pending *ACA*, the district court expressly distinguished cases
7    where, as here, "issues on appeal [in *ACA*] were not dispositive and discovery would be necessary
8    regardless of the outcome of the appeal."  July 28, 2016 *Kristensen* Order, at p. 2 n. 2 (attached as
9    Ex. 4 to Defendant's RJN [Doc. No. 28-4]).  Other cases cited by the Defendant similarly involved
10   plaintiffs who alleged claims only under the TCPA.  *See Small v. GE Capital, Inc.*, 2016 WL
11   4502460, at *1 (C.D. Cal. June 9, 2016); *Fontes v. Time Warner Cable Inc.*, 2015 WL 9272790, at
12   *1 (C.D. Cal Dec. 17, 2015).

13   Defendant cites two cases where the plaintiff pursued claims under the FDCPA and TCPA,
14   *Mackiewicz v. Nationstar Mortg., LLC*, 2015 WL 11983233 (M.D. Fla. Nov. 10, 2015) and
15   *Chattanond v. Discover Fin. Servs. LLC,* No. 15-cv-08549 (C.D. Cal. Feb. 26, 2016).  However, in
16   contrast to this case, the stay orders in *Mackiewicz* and *Chattanond* were not based on *ACA* alone.
17   Instead, they were also based on the then-pending decision in *Spokeo, Inc. v. Robins*, 136 S. Ct.
18   1540 (2016), which the defendant argued would be potentially dispositive of all claims.[7]  *Id.* at *1.

19   **3.    Under The Ninth Circuit's Decisions In *Dependable***
20            ***Highway* And *Blue Cross*, Mr. Bowden Should Not Be Subjected To An Indefinite Stay Of This Action**

21   The Ninth Circuit has repeatedly held that "[g]enerally, stays should not be indefinite in
22   nature."  *Dependable Highway Exp., Inc.*, 498 F.3d at 1066.  "[L]engthy and indefinite stays place a
23   plaintiff effectively out of court.  Such an indefinite delay amounts to a refusal to proceed to a
24   disposition on the merits . . . .  Even if litigation may eventually resume, such stays create a danger
25   of denying justice by delay," which "inherently increases the risk that witnesses' memories will fade

---

[7] Other cases cited by Contract Callers involved motions to stay pending the Supreme Court's decision in *AT&T Mobility v. Concepcion*, which also was potentially case dispositive.  *See Alvarez v. T-Mobile USA, Inc.*, 2010 WL 5092971 at *2 (E.D. Cal. Dec. 7, 2010); *Kaltwasser v. Cingular Wireless LLC*, 2010 WL 2557379, at * 1 (N.D. Cal. June 21, 2010).

and evidence will become stale." *Blue Cross & Blue Shield of Alabama*, 490 F.3d at 724 (internal citations and quotations omitted).

Courts in this District have denied motions to stay pending *ACA* based on this legal principle. *See O'Hanlon*, 2016 WL 815357, at *5 ("[T]he compelling interests of the expedient resolution of disputes and of providing certainty to the parties here and to other similarly situated outweigh any potential benefits in deferring to the C.D. Circuit . . . . Given this Court's mandate 'to secure the just, speedy, and inexpensive determination of every action and proceeding,' Fed. R. Civ. P. 1, this case should proceed notwithstanding the FCC appeals."); *Lathrop*, 2016 WL 97511, at *4 ("Plaintiffs argue persuasively that they would suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate"); *Cabiness*, 2017 WL 167678, at *3 (following and quoting *Lathrop*).

In addition, as the *Lathrop* court noted, "the D.C. Circuit is unlikely to be the final step in the litigation over the FCC's 2015 Omnibus Order." 2016 WL 97511, at *4. "Whichever party is unsuccessful in that court is almost certain to appeal to the Supreme Court. Thus, even the most optimistic estimate of the time required for a decision from the D.C. Circuit significantly understates both the delay a stay might engender and the concomitant prejudice to Plaintiff." *Id*.

Moreover, here, Contract Callers seeks a longer and more indefinite stay than what was denied in *Lathrop*, *Cabiness*, and other courts in this District denying motions to stay pending *ACA*. Although Contract Callers' notice of motion only seeks a stay of this action pending the resolution of *ACA* appeal, Contract Callers argues that the stay should be extended "pending the possible decision" of the Ninth Circuit in *Marks v. Crunch San Diego, LLC*, 9th Cir. Case No. 14-56834, which is currently stayed pending the resolution of *ACA* appeal. But there is no telling whether the Ninth Circuit will lift the stay in *Marks* after the D.C. Circuit rules, or whether it will leave the stay in place pending Supreme Court review. Nor is there any way to know whether, once the Ninth Circuit lifts the stay, it will issue an opinion that materially changes the law.

//

OPPOSITION TO MOTION TO STAY         8
CASE NO: 3:16-CV-06171-MMC

### B. Defendant's Additional Arguments For Staying Plaintiff's FDCPA And Rosenthal Act Claims Lack Merit And Are Procedurally Improper

Even if the Court stays the TCPA case pending resolution of *ACA*, Contract Callers fails to offer any legal basis to stay the FDCPA and Rosenthal Act claims, which have nothing to do with the proceedings in *ACA*.

<u>First</u>, Contract Callers' primarily relies on *Kristensen v. Credit One Bank*, N.A., C.D. Cal. Case No. 2:14-cv-07963 for the proposition that the Court can stay all of the claims, but that is not what happened in *Kristensen*. As explained in Section II(A)(2) above (p. 7), by the time the district court issued an order staying the TCPA case, it had already granted summary judgment for the defendant on the plaintiff's other state-law claim. The district court denied an interlocutory appeal of summary judgment of the state law claim to avoid "piecemeal appeals."

The circumstances and reasoning in *Kristensen* are inapplicable here. If the Court issues a stay of Mr. Bowden's TCPA claim, then allowing him to pursue his FDCPA and Rosenthal Act claims during the stay would allow the productive advancement of this case during the stay. On the other hand, if the Court grants Contract Callers' request to stay the case in its entirety, then once the Court lifted the stay, Mr. Bowden would need to pursue discovery on his FDCPA and Rosenthal Act claims anyway.

<u>Second</u>, Contract Callers tries to justify a stay of the FDCPA and Rosenthal Act by arguing that the "class claims can be resolved without discovery," and that the class definitions are "per se uncertifiable." Motion to Stay, at 8:13; 9:3. That argument has nothing to do with the *ACA* decision, which is the basis of Contract Callers' motion. The argument also is procedurally defective because Contract Callers had ample opportunity to challenge any purported defects in the pleadings on a motion to dismiss or strike, but it did not do that.[8] A motion to stay is not an alternative procedure for attacking the pleadings.

Procedural defects aside, however, Contract Callers' arguments do not support a stay. Even if the class allegations are defective, that would not prevent Mr. Bowden from seeking discovery on

---

[8] Under Rule 12(f)(2), a motion to strike must be filed "either before responding to the pleading, or if a response is not allowed, within 21 days after being served with the pleading."

OPPOSITION TO MOTION TO STAY  9
CASE NO: 3:16-CV-06171-MMC

an individual basis.  Moreover, courts routinely permit plaintiffs to revise class definitions to conform to the evidence, and in his Complaint, Mr. Bowden specifically states that the putative class definitions are "subject to amendment as appropriate."  (Compl., ¶¶ 25, 27, 29, 31, 33.)  Hence, even if one or more of the putative classes are defective as currently defined (which Mr. Bowden disputes), discovery on Mr. Bowden's FDCPA and Rosenthal Act claims may result in evidence that allows Mr. Bowden to correct the purported deficiencies.

### C. Whether The Court Grants Or Denies The Motion To Stay, Written Discovery Should Promptly Go Forward

Even if a stay were warranted (which it is not), the Court should permit written discovery to go forward.  Courts commonly permit written discovery to go forward during the pendency of a stay because of the lesser burden it entails and to allow for some productive development of the case during the stay.  *See, e.g.*, *Smith v. Merk & Co., Inc.*, 2012 WL 2312666, at *2 (S.D. Fla. Jan. 25, 2012) ("This case is STAYED, with the exception of written discovery . . . ."); *Chacon v. E. Haven Police Dept.*, 2011 WL 3889249, at *1 (D. Conn. Sept. 2, 2011) ("permitting written discovery to go forward will partially meet defendants' argument that this case not be stopped 'in its tracks'").  Contract Callers will not be prejudiced by such discovery because it does not contend that the outcome in *ACA* will necessarily provide a basis to dismiss this case in its entirety.  Thus, no matter what happens, Contract Callers will be required to produce information relevant to this case.

In addition, whether the Court grants or denies a stay, Mr. Bowden respectfully asks the Court to require the parties to respond to all pending written discovery within two weeks of issuing an order on Contract Caller's motion to stay.  Before Contract Callers filed its motion to stay, both parties served written discovery requests.  Those requests would have been due but for this Court's order staying all discovery until the Court ruled on Contract Caller's motion to stay.[9]  (Doc. No. 26.)  Hence,

---

[9] Mr. Bowden served document requests on December 29, 2016 and interrogatories on January 6, 2017, and Contract Callers served Mr. Bowden with interrogatories, requests for admission, and document requests on January 12, 2017.  Contract Callers' responses to Mr. Bowden's document requests would have been due on January 31 and responses to his interrogatories would have been due February 8, 2017.  Mr. Bowden's responses to all of Contract Callers' discovery requests would have been due February 14, 2017.  Smith Decl., ¶ 2.

as a result of Contract Caller filing its motion, both parties have obtained a substantial extension of time to respond to pending discovery requests.  No further delay is warranted.

### III.     CONCLUSION

For the forgoing reasons, Contract Callers' Motion to Stay should be denied in all respects. Alternatively, if the Court grants the motion, Mr. Bowden requests that the Court grant the Motion only as to Plaintiff's claims under the TCPA, and/or to permit written discovery to go forward on all claims.

Dated:  February 17, 2017              **BURSOR & FISHER, P.A.**

By:     */s/ Joel D. Smith*
          Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
              ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*