**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         jsmith@bursor.com
         ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BOWDEN, on Behalf of Himself and all Others Similarly Situated,<br><br>                          Plaintiff,<br>    v.<br><br>CONTRACT CALLERS, INC.,<br><br>                          Defendant. | Case No.  3:16-cv-06171-MMC<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:        August 3, 2018<br>Time:       9:00 a.m.<br>Courtroom:  7<br><br>Judge:      Hon. Maxine M. Chesney |

# NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF

NOTICE TO THE COURT, TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT on August 3, 2018 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 7, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA, 94102, the law firm of Bursor & Fisher, P.A. will request leave to withdraw as counsel of record for Plaintiff Keith Bowden.  This request is made pursuant to Civil Local Rule 11-5.  This motion to withdraw is made after Counsel attempted to contact Plaintiff numerous times, with no response from him.  Due to Plaintiff's prolonged unresponsiveness, Counsel no longer believes they are able to effectively carry out their duties to Plaintiff.  Counsel has also provided written notice of this motion to all other parties who have appeared in the case, pursuant to Civil Local Rule 11-5.

Dated:  June 15, 2018            **BURSOR & FISHER, P.A.**

By:   */s/ Joel D. Smith*
         Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
            jsmith@bursor.com
            ykrivoshey@bursor.com

**MEMORANDUM OF POINTS AND AUTHORITIES**

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Where, as here, a motion to withdraw is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, the Court may choose to grant leave on the condition that current counsel continue to serve on the client all papers from the court and from the opposing parties. Civil L.R. 11-5(b). However, as explained below and at the June 1, 2018 Case Management Conference, Counsel has been unable to reach Plaintiff.

Withdrawal is governed by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal); *see also*, *e.g.*, *See Woolley v. Ygrene Energy Fund, Inc.*, 2018 WL 5589398 at *2 (N.D. Cal. Jan. 25, 2018) (same). Under California Rule of Professional Conduct 3-700(C), counsel may withdraw if the client makes it unreasonably difficult for the attorney to carry out his or her duties. Cal. R. Prof. Conduct 3-700(C)(1)(d). Under California Rule of Professional Conduct 3-700(A)(2), counsel may not "withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." These steps include: (1) giving due notice to the client; (2) allowing time for employment of other counsel, pursuant to Rule 3-700(D); and (3) complying with applicable laws and rules. Cal. R. P. Conduct 3-700(A)(2); *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "A client's repeated failure to communicate with counsel in not responding to phone calls and written communication is sufficient to be considered conduct making it unreasonably difficult for counsel to carry out the litigation." *Beard v. Shuttermart of California, Inc.*, 2008 WL 410694 at *2 (S.D. Cal. Feb. 13, 2008) (citing authorities); *see also*, *e.g.*, *Woolley*, 2018 WL 5589398 at *2 (granting motion to withdraw where plaintiff stopped responding to counsel's emails, calls or text messages); *Sanchez v. City of Fresno*,

1   2013 WL 5274276 at *3 (E.D. Cal. Sept. 17, 2013) (granting motion to withdraw where "Plaintiff's failure to communicate has made it 'unreasonably difficult' for counsel to carry out effective employment."); *El Hage*, 2007 WL 4328809, at *1 ("Plaintiff's failure to provide his counsel with updated contact information is sufficient to allow [counsel's] permissive withdrawal under California Rule of Professional Conduct 3-700(C) (1)(d) . . . .").

Here, Counsel made numerous efforts to contact Plaintiff by phone, email, physical mail and Facebook to discuss further prosecution of this matter, but those efforts were unsuccessful. Declaration of Joel D. Smith in Support of Motion to Withdraw as Counsel ("Smith Decl.") ¶¶ 2-6. Counsel also recently learned that Plaintiff's phone number was reassigned to another person who says she does not know Plaintiff. *Id.* at ¶ 2. Counsel does not know what happened to Plaintiff or why he became unresponsive, and retained a private investigator to help find him. *Id.* at ¶ 5. The private investigator provided a home address that matched the address where Counsel believed Plaintiff lived, although it is uncertain whether Plaintiff still lives there because he never responded to physical mail sent to that address. *Id.* The private investigator also identified another email address and other phone numbers potentially associated with Plaintiff. Counsel tried but was unable to reach Plaintiff through those alternative means. *Id.*

On May 22, 2018, Counsel sent Plaintiff a letter and email explaining that because of the lack of responsiveness, Counsel reluctantly intended to file a motion to withdraw as counsel for record. *Id.* at ¶ 4. Counsel asked Plaintiff to immediately contact Counsel, including on weekends or after hours, if he still wanted to pursue the matter. *Id*. Later, on June 8, 2018, Counsel emailed a draft version of this notice of motion, motion and supporting memorandum to Plaintiff, and explained that Counsel would file this motion on or shortly after June 15, 2018, unless Plaintiff contacted Counsel before then. *Id*. at ¶ 6. As of June 15, 2018, Counsel received no response. *Id*.

Under the circumstances, Counsel can no longer effectively carry out their duties to Plaintiff, and cannot in good faith litigate this matter without Plaintiff's further participation and input.

Withdrawal will not prejudice Plaintiff, particularly because (as a result of the stay under *ACA International*) this case is still at the early stages, discovery has been stayed, there are no

pending deadlines, and the Court has not set a scheduling order.  *See Beard*, 2008 WL 410694 at *2 (no prejudice from withdrawal where plaintiff stopped communicating with counsel); *Sanchez*, 2013 WL 5274276 at *3 (lack of pending deadlines supported conclusion that withdrawal would not prejudice plaintiff).  Counsel's understanding is that Defendant does not oppose withdrawal.

For the foregoing reasons, Counsel respectfully asks the Court to grant the Motion to Withdraw as Counsel of Record for Plaintiff.


Dated:  June 15, 2018                              **BURSOR & FISHER, P.A.**

By:     */s/ Joel D. Smith*
     Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email:  ltfisher@bursor.com
       jsmith@bursor.com
       ykrivoshey@bursor.com