UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BOWDEN, on Behalf of Himself and all Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br>　v.<br>CONTRACT CALLERS, INC.,<br><br>　　　　　　　　Defendant. | Case No.  3:16-cv-06171-MMC<br><br>**[PROPOSED] ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF**<br><br>Date:　　　August 3, 2018<br>Time:　　　9:00 a.m.<br>Courtroom:　7<br><br>Judge:　　　Hon. Maxine M. Chesney |

　　　The Motion to Withdraw as Counsel of Record for Plaintiff ("the Motion ") was heard by this Court.  After reviewing and considering the moving papers, supporting declaration, and any other papers or arguments presented to the Court, the Court rules as follows:

　　　The Motion is granted.  Under California Rule of Professional Conduct 3-700(C)(1)(d), counsel may withdraw if the client makes it unreasonably difficult for the attorney to carry out his or her duties.  "A client's repeated failure to communicate with counsel in not responding to phone calls and written communication is sufficient to be considered conduct making it unreasonably difficult for counsel to carry out the litigation." *Beard v. Shuttermart of California, Inc.*, 2008 WL 410694 at *2 (S.D. Cal. Feb. 13, 2008); *accord*, *e.g.*, *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007) ("Plaintiff's failure to provide his counsel with updated contact information is sufficient to allow [counsel's] permissive withdrawal under California Rule of Professional Conduct 3-700(C) (1)(d) . . . .").  Plaintiff's Counsel have made reasonable efforts to contact Plaintiff, but received no response.  Withdrawal is therefore warranted under California Rule of Professional Conduct 3-700(C)(1)(d).

//

1   IT IS SO ORDERED.

2   Dated: _____

3                                                                   Maxine M. Chesney
                                                                    United States District Judge